NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2920

_____

UNITED STATES OF AMERICA

v.

LAMONT AUSTIN,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-01-cr-00291-002)
District Judge:  Honorable William W. Caldwell

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 17, 2013

Before:  SMITH, FISHER and CHAGARES, *Circuit Judges*.

(Opinion Filed:  July 1, 2013)

_____

OPINION OF THE COURT

_____

FISHER, *Circuit Judge*.

Lamont Austin was convicted of possession with intent to manufacture and

distribute cocaine base (crack).  He appeals from the District Court's denial of his motion

for a sentence reduction under 18 U.S.C. § 3582(c)(2).  Austin's counsel seeks to

withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).  We will affirm and grant counsel's motion to withdraw.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case.  Therefore, we will set forth only those facts necessary to our analysis.

Pursuant to an agreement with the United States, Austin pled guilty in September 2002 to possession with intent to manufacture and distribute at least 50 but less than 150 grams of crack cocaine.  The District Court designated Austin a Career Offender because he had committed a felony controlled substance offense, he was at least eighteen years old, and he had at least two prior felony convictions for controlled substance offenses.  Austin's prior criminal history points, as well as his Career Offender designation, placed him in criminal history category VI.

Under the 2002 Sentencing Guidelines, the District Court found that Austin's conviction corresponded to a Guidelines Total Offense Level of 34 (a Base Offense Level of 32 and a two-level firearm enhancement) and a sentencing range of 262 to 327 months.  The District Court did not use the Career Offender Base Level (32) because it was less than the otherwise-applicable offense level.  A statutory maximum capped Austin's sentence at 240 months.  Austin did not challenge his designation as a Career Offender or

2

seek a downward departure under U.S.S.G. § 4A1.3(b). The District Court imposed 240 months' imprisonment and a three-year term of supervised release in May 2003.

In 2008, the District Court granted Austin's first sentence reduction request based on the retroactive effect of Sentencing Guidelines Amendment 706, which reduced Austin's Base Offense Level to 30 and the Total Offense Level to 32 – the same offense level applied to Career Offenders. The new level yielded a sentencing range of 210 to 262 months, which was limited by the 240-month statutory maximum. The District Court revised Austin's sentence to 228 months.

Austin filed another motion to reduce his sentence on January 19, 2012, based on Guidelines Amendment 750, which reduced the base offense level for 50 grams of crack[1] to 26, which would result in a Total Offense Level to 28 when combined with two-level firearm enhancement. But because he had been designated a Career Offender, Austin's Total Offense Level remained at 32. With a criminal history category of VI, this resulted again in an applicable guideline range of 210 to 240 months. Austin requested that his sentence be reduced to 210 months. The District Court denied Austin's motion in June 2012 because Amendment 750 did not actually lower his applicable guideline range, which was predicated on his Career Offender status.

---

[1] Because the revised Drug Quantity Table did not correspond exactly with the prior Drug Quantity Table, the District Court granted Austin's request to apply the lower end of the quantity range applied at the initial sentencing.

Austin directed counsel to file a notice of appeal, which was filed in July 2012. Austin's counsel requested leave to withdraw, pursuant to 3d Cir. L.A.R. 109.2 and *Anders* based on counsel's opinion that Austin's appeal lacks any issue of arguable merit. Austin has not filed a pro se brief in support of his appeal.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Counsel may file a motion to withdraw representation under *Anders* if, upon a review of the district court's record, he or she is "persuaded that the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). When counsel submits an *Anders* brief, we consider: (1) whether counsel thoroughly examined the record in search of appealable issues and explained why the issues are frivolous; and (2) whether our independent review of the record presents any issues that are not frivolous. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Independent review of the record need not be "a complete scouring of the record by the courts and identification of the issues for the defendant." *Id*. at 301. Instead, "where the *Anders* brief initially appears adequate on its face, the proper course is for the appellate court to be guided in reviewing the record by the *Anders* brief itself." *Id*.

4

"We review a court's ultimate decision whether to grant or deny a defendant's motion to reduce sentence under § 3582(c)(2) for abuse of discretion." *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009).

III.

We first consider whether counsel thoroughly examined the record in search of appealable issues and explained why those issues are frivolous. After reviewing the record in this appeal, we conclude that counsel has satisfied the requirements of Local Rule 109.2(a). In his brief, counsel identified the possible issue for appeal and submitted a review of the law and an appendix with the salient portions of the record. Furthermore, counsel has set forth in his brief why the issue raised is frivolous. These documents demonstrate that counsel searched the record and the law in service of his client.

Counsel's brief identifies only one potentially appealable issue: the denial of Austin's motion to reduce his sentence under § 3582(c)(2), based on the retroactive application of Amendment 750 to the Sentencing Guidelines. We agree that this issue lacks any merit.

Amendment 750 does not have the effect of lowering Austin's applicable guideline range because, despite the changes to crack-related sentences, his sentencing range remained as 210 to 240 months because of his designation as a Career Offender. Because the Amendment does not change Austin's sentencing range, § 3582(c)(2) does not authorize a reduction in his sentence. *See Mateo*, 560 F.3d at 155. We do not find

5

any other non-frivolous avenues for appeal in our review of the record, as guided by the *Anders* brief.

IV.

For the reasons set forth above, we will grant counsel's *Anders* motion and affirm the judgment of the District Court.